ALICE WINGFIELD, *Appellant,* v. J. C. McCLINTOCK
*et al., Appellees.*

No. 16,836.

OPINION ON REHEARING.

HEADNOTE BY THE REPORTER.

DEMURRER TO EVIDENCE. On demurrer to evidence the court can
not weigh conflicting evidence, and a demurrer should not be
sustained when there is any substantial evidence, though con-
tradicted by other witnesses, to sustain each material allega-
tion of plaintiff's petition.

Appeal from Geary district court. Opinion filed
July 7, 1911. Affirmed in part and reversed in part.
(For original opinion, see *ante,* p. 207.)

*G. W. Hurd,* and *J. V. Humphrey,* for the appellant.

*W. S. Roark, and Harkless, Crysler & Histed,* for ap-
pellee L. R. King.

*George H. Whitcomb, Clad Hamilton, Clyde Taylor,
Kersey Coates Reed,* and *J. C. Rosenberger,* for ap-
pellees J. C. McClintock and William F. Bowen.

*Per Curiam:* The questions presented and argued on
the hearing of the motion, although subdivided and
much amplified, are substantially the same as pre-
sented and decided in the original opinion. That the
probe used prior to the operation was incorrectly des-
ignated in the opinion as "olive tipped" instead of
"curved" must be conceded, but does not appear to be
very material.

We are unable to say that the action was not based
upon the alleged negligence of the defendants, for the
reason that the petition charged that the negligence
was wanton and gross. We think that the charge in-
cluded any lesser degree of negligence as well. The
greater includes the less.

The claim of the appellees that the evidence given in response to hypothetical questions propounded to expert witnesses was not sufficient to justify the submission of the case to the jury is based upon the theory that Doctor McClintock relied entirely upon the statement that was made to him by Doctor King, and that Doctor King relied entirely upon the statements of the patient and upon his own examination and observation. The plaintiff evidently did not adopt this theory, but contends that the surgeons did make some further examinations, the result of which cast doubt upon the statements of the patient that he had swallowed his teeth and of themselves suggest a more searching examination. The plaintiff propounded questions upon her own theory of the facts, as to which it is not improbable that different minds might come to different conclusions in considering the evidence. If so, this alone furnishes a proper question for determination by a jury. Each party had a right to propound hypothetical questions upon his own theory of what the evidence tended to prove, provided such questions contained no material exaggeration or perversion of facts assumed. It was said in *Commercial Travelers v. Barnes*, 75 Kan. 720:

"Hypothetical questions put to expert witnesses should be based upon such facts only as the evidence tends to prove, and if as to any material hypothesis such question is without the support of evidence, it should be excluded. It may not be required that the question be based upon conceded facts nor that it embrace all the facts of which there is evidence, neither is technical accuracy required in the framing of the question; but no material exaggeration or perversion of facts assumed is permissible.

"Each party has a right to assume, so far as there is any justification in the evidence, that the facts will be found in accordance with his theory and against the theory of the opposite party, and is entitled to frame hypothetical questions in accordance with such assumption." (Syl. ¶¶ 1, 2.)

As to this expert testimony two questions are presented: (1) Did the surgeons at the time of the operation entirely rely upon the information above referred to and proceed to operate without further examination or diagnosis? (2) Had the surgeons a legal right so to do? The former is a question of fact; the latter a mixed question of law and fact. The appellees have no right to insist that the appellant should adopt their theory of the facts; neither have they any right to insist that the experts in their evidence should decide the question of law, whatever may have been the opinion of the experts as to the common practice in the profession. Had the case gone to a jury, it would have been the province of the jury to determine the questions of fact, after being advised by the instructions of the court upon the questions of law.

It is also contended that the patient died, not from the effect of the operation but from the effect of the anæsthetic, the administering of which was necessary in any event. We can not say from the evidence that it was necessary to administer an anæsthetic before a full examination and diagnosis could be made. Some examination appears, in fact, to have been made by Doctor King before the anæsthetic was administered and some thereafter by Doctor McClintock.

After carefully considering all of the questions raised and ably argued by counsel in support of the motion, we still think that questions of fact were involved, supported by some evidence, which should have been submitted to the consideration of the jury, and that the court erred, as indicated in the original opinion, in sustaining the demurrer to plaintiff's evidence. We therefore adhere to the former decision.

BURCH, J., dissenting.